UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA NEPOMUCENO, | Case No. 13-cv-1802-L (RBB) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS [doc. #3]** |
| v. | |
| LEGAL RECOVERY LAW OFFICES, INC., | |
| Defendant. | |

This action arises from Plaintiff Cristina Nepomuceno's allegation that a collection letter sent by Defendant Legal Recovery Law Offices ("LRLO") violated the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). Defendant now moves to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6).

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* CIV. L.R. 7.1(d.1). [doc. #6] For the following reasons, the Court **DENIES** Defendant's motion to dismiss.

//

## I.   BACKGROUND

Plaintiff Cristina Nepomuceno is a resident of Poway, California. (*Compl.* ¶ 13.) Defendant Legal Recovery Law Offices is located in San Diego, California. (*Id.* ¶ 14.) Plaintiff alleges that she is a "consumer" as defined by the FDCPA and a "debtor" as defined under the Rosenthal Act. (*Id.* ¶¶ 15, 17.) Plaintiff further alleges that Defendant regularly engages in debt collection and therefore is a "debt collector" as defined by the FDCPA and the Rosenthal Act. (*Id.* ¶¶ 16, 18.)

Prior to August 3, 2012, Plaintiff is alleged to have incurred certain financial obligations. (*Compl.* ¶ 20.) Sometime before August 3, 2012, Plaintiff allegedly fell behind in payments owed on the alleged debt. (*Id.* ¶ 23.) Subsequently, the debt was assigned, placed, or otherwise transferred to Defendant for collection. (*Id.* ¶ 24.) On August 3, 2012, Defendant mailed a dunning letter to Plaintiff, which Plaintiff received a few days later. (*Id.* ¶ 25.) The letter states that "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account." (*Id.* ¶ 29.) It further states that "[i]n the event that legal action is pursued and judgement is ultimately obtained against you, the judgment may include court costs, local attorney fees, and interest in addition to the principal amount currently owed." (*Id.* ¶ 30.) Finally, at the bottom of the letter, an attorney's name, Andrew Rundquist, appears as the signor of the letter. (*Id.* ¶ 32.) Therefore, the Plaintiff contends that "the letter was drafted and phrased in a manner that would confuse and mislead the least sophisticated consumer as to whether or not an attorney had reviewed the account, and whether legal action against Plaintiff could be taken." (*Id.* ¶ 33.) Based on these allegations, Plaintiff asserts that Defendant has violated the FDCPA and the Rosenthal Act.[1] (*Id.* ¶ 34.)

On September 6, 2013, Defendant moved to dismiss the Complaint, arguing that plaintiff's factual allegations "are either legal conclusions not entitled to the assumption of truth

---

[1] The Rosenthal Act incorporates the substantive provisions of the FDCPA. *Dupuy v. Weltman*, 442 F. Supp. 2d 822, 825 n. 1 (N.D. Cal. 2006); *see also Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004). Specifically, Section 1788.17 of the Rosenthal Act requires all debt collectors to comply with Section 1692b to Section 1692j of the FDCPA. CAL. CIV. CODE § 1788.17.

or do nothing to factually enhance a cause of action" under the FDCPA and the Rosenthal Act. On October 7, 2013, Plaintiff filed an opposition to the motion to dismiss, alleging that she has stated a plausible claim. Defendant has not filed a reply.

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749

F.2d 530, 534 (9th Cir. 1984).

## III. DISCUSSION

### A. Legal Standards Governing FDCPA

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e) (2006). To accomplish this goal, the FDCPA prohibits debt collectors from "using any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, section 1692e(3) prohibits "the false representation or implication that any individual is an attorney or that any communication is from an attorney." Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." In deciding whether a statement in a debt collection letter violates these prohibitions, courts make an objective analysis that takes into account whether the "least sophisticated debtor would likely be misled by a communication." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007); *see also Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). In this circuit, a debt collector's liability under § 1692e of the FDCPA is an issue of law. *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997).

The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson*, 869 F.2d at 1227. The standard is "designed to protect consumers of below average sophistication or intelligence," or those who are "uninformed or naive," particularly when those individuals are targeted by debt collectors. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1062 (9th Cir. 2011) (citing *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)). At the same time, "the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996) (citing *Clomon v.*

*Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)); *see also Gonzales*, 660 F.3d at 1062.

### B. Plaintiff's Section 1692e Claim

Plaintiff asserts that Defendant has violated Section 1692e(3) and Section 1692e(10) of the FDCPA because the "letter was drafted and phrased in a manner that would confuse and mislead the least sophisticated consumer as to whether or not an attorney had reviewed the account, and whether legal action against Plaintiff could be taken." (*Compl.* ¶ 33.)

The FDCPA prohibits collection letters that "appear to be sent by an attorney without the attorney's having both reviewed the debtor's file and gained some knowledge about the specific debt." *Irwin v. Mascott*, 112 F. Supp. 2d 937, 949 (N.D. Cal. 2000). Thus, "[i]f the attorney did not first conduct an individual review of the debtor's case, or if the attorney did not determine if a particular letter should be sent, or if the attorney did not know the identity of the person to whom the letter was sent, the communication is false and misleading under § 1692e(3)." *Id.* The use of an attorney's letterhead and signature on a collection letter is "sufficient to give the least sophisticated consumer the impression that the letters [are] communications from an attorney." *Dupuy v. Weltman, Wienberg & Reis Co.*, 442 F. Supp. 2d 822, 825 (N.D. Cal. 2006) (citing *Clomon*, 988 F.2d at 1320-21). A collection letter from an attorney that contains a disclaimer may not violate the FDCPA if the least sophisticated consumer would understand that the attorney had not reviewed the facts of his or her case. *Murphy v. Bronson, Cawley, & Bergmann, LLP*, No. 3:10-CV-01929 AJB, 2011 WL 2413447, at *7 (S.D. Cal. June 13, 2011) (citing *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005)).

Here, the letter was signed by an attorney, Andrew Rundquist. Although the use of an attorney's signature alone may not violate the FDCPA, the legal language in the letter here crosses the line. The letter states that "[i]n the event that *legal action* is pursued and *judgment* is ultimately obtained against you, the judgment may include *court costs*, local *attorney fees*, and interest in addition to the principal amount currently owed." (emphasis added). This legal statement contradicts and overshadows the disclaimer that "no attorney with this firm has personally reviewed the particular circumstances of your account." The threatening language such as "legal action," "judgment," and "court costs" could give the least sophisticated consumer

the impression of impending litigation. *See Robertson v. Richard J. Boudreau & Assocs., LLC*, No. C09-1681 BZ, 2009 WL 5108479 at *2 (N.D. Cal. Dec. 18, 2009) (finding false representation of attorney involvement based on the fact that the disclaimer is contradicted and overshadowed by the threatening language such as "legal dispute," "legal defense," and "cost of litigation").

Defendant's reliance on *Greco* is unpersuasive. *Greco*, 412 F.3d 360. First, the Second Circuit case is not binding in this jurisdiction. More importantly, the short letter in *Greco* does not use any language that suggests impending litigation. *Id.* at 361. This case is different. The use of "legal action," "judgment," "court costs," and "attorney fees" in the letter, coupled with an attorney's signature, overshadows the express disclaimer that no attorney had reviewed the file. Therefore, the Court finds that the letter here could mislead the least sophisticated consumer as to attorney involvement. Accordingly, the Court finds that Plaintiff has stated a plausible claim under Section 1692e(3) and Section 1692e(10) of the FDCPA. Because the Rosenthal Act incorporates the substantive provisions of the FDCPA, Defendant's violations of the FDCPA also establish violations of the Rosenthal Act. For the same reasons, the Court finds plaintiff has stated a plausible claim under the Rosenthal Act.

**IV.   CONCLUSION & ORDER**

In light of the foregoing, the Court **DENIES** Defendant's motion to dismiss.

**IT IS SO ORDERED.**

DATED: June 16, 2014

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

13cv1802